ANDREW Z. TAPP (FBN 68002)
Pro Hac Vice
andrew@metropolitan.legal
Metropolitan Law Group, PLLC
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
Telephone: (813) 228-0658

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MILES MARKET**, a California Sole Proprietorship, **ABDULHAYOOM MOHAMEDMEERASAHIB**, an Individual, and **UMMAL FARIDHA MOHAMED MEERASAHIB,** an Individual**,**<br>              Plaintiffs,<br>        v.<br><br>**UNITED STATES OF AMERICA**,<br>              Defendant. | CASE NO.  2:21-cv-00701-WBS-KJN<br><br>**PROTECTIVE ORDER** |

The parties have filed a Stipulation for Protective Order.  The Court hereby GRANTS the parties Stipulation.

IT IS HEREBY ORDERED that this Protective Order shall be entered as follows:

1. The parties may designate information produced or obtained in discovery as "Confidential Information," or "Attorney's Eyes Only" as follows:

    a. <u>Confidential Information:</u>  Any production of information produced by any party, or any third party (such as a State Agency) to this litigation, shall have the right to be designated as "Confidential Information" if

1

any portion of that document, testimony, discovery response, or thing ("Material"): (a) contains trade secrets, competitively sensitive financial, sales or other confidential business information; (b) contains private or confidential personal information; (c) contains information received in confidence from third-parties; or (d) which the producing party otherwise believes in good faith should be entitled to protection under state or federal law. Any party to this litigation or third party covered by this Protective Order who produces or discloses any Confidential Information (including without limitation any information, document, thing, interrogatory answer, admission, pleading or testimony) shall mark the Material with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO ORDER OF PROTECTION."

b. <u>Attorney's Eyes Only:</u>  Any party to this litigation and any third-party may designate Materials as "Attorney's Eyes Only" and subject to this Order, if such Material contains highly sensitive business, personal, procedural or investigatory information, the disclosure of which is highly likely to cause significant harm to an individual, business, the Department's ability to enforce its regulations, or the Plaintiffs' ability to conduct business.

"Attorney's Eyes Only" information shall be disclosed to the parties' respective Counsel of Record (which shall include the Plaintiffs' "Trial Counsel" Andrew Z. Tapp, the Defendant's Assistant United States Attorney Trial Counsel, and the Defendant's Agency Counsel), but shall not be disclosed to any other person, entity or agency, including the parties hereto (excluding Court personnel and the attorneys' necessary administrative staffs), without prior written

consent from the producing party, or leave of Court sought prior to such disclosure.

The parties shall take all reasonable precautions to protect Attorney's Eyes Only information from unintentional disclosure to persons, entities or agencies not identified herein. Any party to this litigation or third-party covered by the protective order who produces or discloses any Attorney's Eyes Only Material (including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony) shall mark that Material with the following or similar legend: "ATTORNEY'S EYES ONLY" or "ATTORNEY'S EYES ONLY SUBJECT TO PROTECTIVE ORDER."

    c.    <u>Designation after Production</u>: If material obtained through discovery did not originate from the party seeking to affix the "Confidential Information" or "Attorney's Eyes Only" label, or was not produced in this action by that party, the "Confidential Information" or "Attorney's Eyes Only" designation will occur upon written notice of that designation provided to all counsel of record within thirty (30) days after receipt of the information or document containing the information to be protected. Subject to the procedures set forth herein, and upon written notice, the document will be treated as "Confidential Information" or "Attorney's Eyes Only Information" within the meaning of this Protective Order.

2. The parties agree to the pre-categorization of protected information for production as set out below. These categorizations and the identification of potential production shall not be read to waive any objections to production the parties may otherwise have. Pre-categorized information includes:

    a.    <u>SNAP Household Information:</u>  All information received from the State of California pertaining to SNAP households identified in the Charge Letter, including but not limited to the household's demographic information, household size, names of authorized users in the household, transaction history, and any other information which may be relevant will be treated as "Confidential Information."

    b.    <u>Food and Nutrition Services & ALERT Operational Information:</u> With respect to information the United States may produce to Plaintiffs' counsel related to SNAP or the Defendant's policies and procedures, including but not limited to policy memorandums, pertinent portions of the Standard Operating Procedures, and other program details, guidelines, thresholds or information shall be deemed to be produced under cover of "Attorney's Eyes Only."  The Defendant shall, however, identify any portions of such production which does not include "Attorney's Eyes Only" information.

    c.    <u>Comparison Store Information:</u>  Information for comparison stores, including sales data, inventory records, operational details and other identifying information shall be deemed "Confidential Information."

    d.    <u>Plaintiff's Business, Financial, and Tax Records:</u>  The Plaintiffs' sales data, inventory records, business operations, know-how, vendor and supplier lists, profit margins, financial and tax records shall be deemed "Confidential Information."

4.    <u>Depositions and Transcripts:</u>  Whenever a deposition involves the disclosure of Confidential Information or Attorney's Eyes Only Information, the deposition or portions thereof shall be designated as confidential by counsel and shall be subject to the provisions of this Protective Order. This designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as containing Confidential

Information or Attorney's Eyes Only Information after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

5. <u>Objections:</u> A party may object to the designation of Confidential Information or Attorney's Eyes Only Information by giving written notice to the party designating the disputed information as protected information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the objection, it shall be the obligation of the party objecting to the designation as Confidential Information or Attorney's Eyes Only Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Such motion must be filed within thirty (30) days after submitting written objection to the protective designation. If such a motion is timely filed, the disputed information shall be treated as designated under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the designated information to be treated as Confidential Information.

6. <u>Subsequent Use of Protected Information</u>: Plaintiffs and their attorneys shall not disclose any Confidential Information that they may obtain in discovery or through other means to any person unless the disclosure is reasonably and in good faith calculated to aid in the claims or defenses of this court action. Plaintiffs and their attorneys shall ensure that any person (except court personnel) to whom disclosure may be made pursuant to this Order shall, prior to such disclosure, have read, understood, and acknowledged in writing an agreement to be bound by this Order.

     a. The Administrative Record, any Household or Comparison Store Information disclosed to Plaintiffs, and Plaintiffs financial, accounting, and tax records shall be used only to pursue or defend any claims in this court action. This Protective Order prohibits disclosure of the Administrative Record, Household or Comparison Store Information, Plaintiffs' financial, accounting, and tax records, and other "Confidential Information" and "Attorney's Eyes Only" information outside of this litigation.

     b. Neither "Confidential Information" nor "Attorney's Eyes Information" may be filed with the court unless (1) the parties' agree on appropriate redactions prior to filing, or (2) the pleading is filed with an application to file under seal. The parties agree that the procedures for use of designated protected information in any motion shall be determined by the parties, and with the approval of the Court, if necessary, for the use of such information at trial. The parties shall consider redacting confidential documents to remove individual identifiers, code the documents to substitute a numerical or other designation for a person's name or other identifying information, or introduce summary evidence where practicable which may be more easily redacted.

7. <u>Non-waiver of Discovery Objections</u>: Nothing in this Protective Order constitutes any decision by the Court concerning discovery disputes, or the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction of documents, nor does this Protective Order constitute a waiver by any party of any right to object to discovery or admission into evidence of any document or record subject to this Order on other grounds.

     a. A party or non-party subject to the protective order may only designate documents or other information in this action as confidential if the

designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

8. <u>Modification of this Order</u>: The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. Without a separate court order, the Protective Order does not change, amend, or circumvent any court rule or local rule.

9. <u>Final Disposition</u>: Within 60 days after termination of this action, including any appeals, Plaintiffs and their attorneys shall destroy all protected material, including all copies, extracts and summaries thereof.  Notwithstanding this provision, Plaintiffs attorneys' are entitled to retain one archival copy of all documents filed with the court, deposition and hearing transcripts, correspondence, trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material.

**ORDER**

The court has reviewed the parties' stipulated protective order.  (<u>See</u> ECF No. 12).  The stipulation lists categories of information sought to be protected, and otherwise comports with the relevant authorities and the court's applicable local rule.  <u>See</u> L.R. 141.1(c);[1] <u>see also</u> <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210 (9th Cir. 2002) (requiring a showing of good cause for

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:
    (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
    (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
    (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.
Local Rule 141.1(c).

protective orders).  The court APPROVES the protective order subject to the following clarification.  The Local Rules state that once an action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action."  L.R. 141.1(f).  Courts in the district generally do not agree to retain jurisdiction for disputes concerning protective orders after closure of the case.  See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017).  Thus, the court will not retain jurisdiction over this protective order once the case is closed.

Dated:  December 1, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mark.701